UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                  Case No. 04-80418

JAMES FRANK WHITE,                         HON. AVERN COHN

    Defendant.

_____/

**ORDER DENYING MOTION FOR LEAVE TO FILE LATE APPEAL**

    This is a criminal case. On January 27, 2005, defendant was convicted, following a guilty plea, to conspiracy to tamper with a witness by attempted killing, in violation of 18 U.S.C. § 1512(a)(1)(c) and § 1512 (k). Defendant was sentenced to 108 months imprisonment. Defendant did not file a direct appeal.

    On January 12, 2006, defendant filed a pro se motion entitled "Ex Parte Special Motion for Modification ... Pursuant to 18 U.S.C. § 3582(C)(2)." The Court denied the motion on January 23, 2006. Defendant filed a motion for reconsideration which was denied on February 6, 2006.

    Before the Court is a letter from defendant in which he requests that a notice of appeal, filed September 20, 2006, be considered timely. Defendant says this is his second notice of appeal. He says he first submitted a notice of appeal of the Court's February 6, 2006 order by placing the notice in the prison mail system on February 20, 2006. Upon contacting the Clerk's Office, he learned in August 2006 that no notice had

been received and filed. Defendant then submitted a second notice of appeal together with the instant letter. The letter and notice of appeal are dated August 31, 2006 but were not received and filed until September 20, 2006. The Court construes the letter as a motion to for leave to file a late appeal.

Fed. R. App. P. 4(c)(1) provides:

> If an inmate in an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mailing system **on or before the last day of filing**...Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepared.

Here, defendant submits a statement in which he cites § 1746 and declares under penalty of perjury, that he placed a notice of appeal in the prison mail system on February 20, 2006. Even assuming that the notice of appeal can be deemed filed as of February 20, 2006, the notice was untimely. Under Fed. R. App. P. 4(c)(1), the notice must be placed in the prison mail "on or before the last day of filing." Here, defendant had 10 days from the date of the Court's February 6, 2006 order denying his motion for reconsideration in which to file an appeal, or by February 16, 2006. Thus, the notice was untimely by four days. The current letter and the notice of appeal were not filed until September 20, 2006. Under these circumstances, the Court finds that the second notice of appeal, filed September 20, 2006, cannot be considered timely.

SO ORDERED.

Dated: October 30, 2006        s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

2

**04-80418 USA v. White**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record and James White, 32705-039, FCI Elkton, P.O. Box 10, Lisbon, OH 44432, on this date, October 30, 2006, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160